# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-cr-3537-BAS |
| Plaintiff, | **ORDER GRANTING MOTION FOR INDICATIVE RULING** |
| v. | **[ECF No. 1137]** |
| DAVID MICHAEL STOKES, | |
| Defendant. | |

Presently before the Court is the Government's motion for an indicative ruling under Federal Rule of Criminal Procedure 37 and Federal Rule of Appellate Procedure 12.1. (ECF No. 1137.) For the following reasons, the Court grants the Government's motion and provides an indicative ruling.

## I. Background

Defendant David Michael Stokes pled guilty to violating 18 U.S.C. § 1962(d). (ECF No. 501.) In December 2015, the Court sentenced Stokes to two years in custody and three years of supervised release. (ECF No. 614.) The Court's judgment included a list of thirteen standard conditions of supervised release. (ECF No. 621.) Relevant here, this list includes the following three conditions:

> 4) the defendant shall support his or her dependents and meet other family responsibilities;
>
> . . .
>
> 5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
>
> . . .
>
> 13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(*Id.*)

Stokes later violated the conditions of his supervised release, and the Court revoked his release and imposed a sentence of six months, followed by an additional thirty months of supervised release. (ECF No. 938.) After serving his revocation sentence, Stokes was released from custody but again violated the conditions of his supervised release. (ECF No. 1073.) For this second violation, the Court sentenced Stokes to eight months of custody, followed by twenty-two months of supervised release. (*Id.*) The judgments for Stokes's two supervised release violations both contain the same three standard conditions of supervised release included above. (ECF Nos. 938, 1073.)

During this time, the Ninth Circuit held the three relevant standard conditions included in the Court's judgments are unconstitutionally vague. *United States v. Evans*, 883 F.3d 1154, 1162–65 (9th Cir. 2018). The Ninth Circuit reasoned that Standard Condition 4, which requires the defendant to "support his or her dependents and meet other family responsibilities," is unconstitutionally vague because it is unclear what the phrase "meet other family responsibilities" means. *Id.* at 1162–63. Similarly, the court rationalized that Standard Condition 5, which requires the defendant to "work regularly at a lawful occupation," is too vague because it is

– 2 –

14cr3537

unclear what the word "regularly" means. *Id.* at 1164. Finally, the Ninth Circuit also concluded Standard Condition 13, which allows the probation officer to require that the defendant "notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics," is impermissibly vague. *Id.* at 1164–65.

Also during the pendency of this case, the U.S. Sentencing Commission revised the same three standard conditions of supervised release. U.S. Sentencing Guidelines Manual § 5D1.3. The Commission eliminated the phrase "meet other family responsibilities" that had been previously found in Standard Condition 4. *Id.* § 5D1.3(d)(1). Further, the condition regarding supporting dependents is no longer a standard condition, but is now a special condition that is "recommended in the circumstances described and, in addition, may otherwise be appropriate in particular cases." *Id.* The Commission also substituted the word "regularly" in the standard condition concerning employment, which now provides that "[t]he defendant shall work full time (at least 30 hours per week) at a lawful type of employment . . . ." *Id.* § 5D1.3(c)(7). Last, the Commission modified the standard condition concerning the defendant posing a risk to third parties to provide:

> If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

*Id.* § 5D1.3(c)(12).

Stokes has since appealed the sentence for his second violation of his conditions of supervised release. (ECF No. 1079.) The Government reports that Stokes is challenging the three standard conditions imposed by the Court that have been found to be unconstitutionally vague. (ECF No. 1137.) The Government moves for an indicative ruling on this issue. (*Id.*)

## II. Legal Standard

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). This rule is "designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988). However, Federal Rule of Criminal Procedure 37 provides that notwithstanding a pending appeal, the district court may make an "indicative ruling." *See* Fed. R. Crim. P. 37, advisory committee's notes. Rule 37 provides:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
>
> **(2)** deny the motion; or
>
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37. As a companion to this rule, Federal Rule of Appellate Procedure 12.1 provides that if the district court states it would grant a motion for an indicative ruling "or that the motion raises a substantial issue, the court of appeals may remand for further proceedings . . . ." Fed. R. App. P. 12.1(b).

## III. Discussion

The Government requests that this Court issue an indicative ruling stating that the Court would grant a motion to modify the written conditions of supervised release for Stokes's sentence. (Mot. 5:14–17.) The Government proposes new conditions as follows:

|  | Current Judgment | Amended Wording |
|---|---|---|
| Condition 4 | "the defendant shall support his or her dependents and meet other family responsibilities;" | The defendant shall support his dependents. |
| Condition 5 | "the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;" | The defendant shall work full time (at least 30 hours) at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons |
| Condition 13 | "as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement." | If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk. |

(*Id.* 2:5–16.)

Having considered the Government's motion and the record, the Court grants the motion for an indicative ruling. Should the case be remanded, and should the Government or Stokes move to modify the three conditions that Stokes is attacking on appeal, the Court would grant the motion.

That said, the Court would not adopt all of the Government's suggested amendments in place of the three problematic conditions. Upon reflection, the Court would eliminate Condition 4 in its entirety for Stokes. Similarly, the Court would eliminate Condition 13 for Stokes. Finally, the Court would amend Condition 5 to adopt the Government's proposed wording. Specifically, the Court would

that Stokes "shall work full time (at least 30 hours) at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons."

IV. **Conclusion**

For the foregoing reasons, the Court **GRANTS** the Government's motion for an indicative ruling under Federal Rule of Criminal Procedure 37 and Federal Rule of Appellate Procedure 12.1. (ECF No. 1137.) If one or both of the parties were to move to modify Stokes's conditions of supervised release upon this case being remanded, the Court would strike Conditions 4 and 13 from the judgment. The Court would also amend Condition 5 as described above.

**IT IS SO ORDERED.**

DATED: January 17, 2019

Hon. Cynthia Bashant
United States District Judge